# EXHIBIT A

## Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TARONIS FUELS, INC., *et al.*,[1] | Case No. 22-11121 (BLS) |
| Debtors. | (Jointly Administered) |
|  | **Re: Docket No. ___** |

## ORDER GRANTING DEBTORS' EMERGENCY MOTION PURSUANT TO SECTIONS 105(a), 362 AND 365 OF THE BANKRUPTCY CODE TO COMPEL PERFORMANCE OF LBJ'S OBLIGATIONS UNDER AN EXECUTORY CONTRACT, TO ENFORCE THE AUTOMATIC STAY, AND TO ENFORCE THE SALE ORDER

Upon the motion (the "<u>Motion</u>"),[2] of the above-captioned debtors and debtors in possession (collectively the "<u>Debtors</u>"), pursuant to sections 105(a), 362, and 365 of the Bankruptcy Code to (i) compel performance of LBJ's, a California general partnership ("<u>LBJ</u>"), obligations under an executory contract, (ii) to enforce the automatic stay, and (iii) to enforce the Sale Order; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits (if any) of each Debtor's federal tax identification number include: Taronis Fuels, Inc. (7454), MagneGas Welding Supply – West, LLC (6662), Taronis Sub III LLC (5826), MagneGas Welding Supply – South, LLC (8686), MagneGas Real Estate Holdings, LLC (7412), MagneGas IP, LLC (0988), MagneGas Production, LLC (7727), Taronis Sub I LLC (4205), Taronis-TAS, LLC (2356), Taronis-TAH, LLC (3542), and Taronis Sub II LLC (9673). The location of the Debtors' service address in these chapter 11 cases is 24980 N. 83rd Avenue, Suite 100, Peoria, Arizona 85383.

provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, its creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

## IT IS HEREBY FOUND AND DETERMINED THAT:

1.      The Motion is granted as set forth herein.

2.      LBJ is hereby directed to perform all of its obligations under the LBJ Agreement, including, but not limited to, all steps required under Section 2.1 of the LBJ Agreement to ensure good and clean title of the Woodland Property is transferred, including, but not limited to:

a. within five (5) days of this Order, cooperate with Debtors and provide mutual written instructions to the Woodland Escrow Agent instructing the Woodland Escrow Agent to record the Deed, or to the extent necessary, take any other action with respect to the Deed;

b. provide evidence of the recording of the Woodland Deed to Debtors no later than three (3) days upon LBJ's receipt of the same;

c. taking all commercially reasonable steps to work with Wells Fargo Bank, N.A. and Debtors to have Wells Fargo Bank, N.A. accept payoff of the Wells Fargo Loan and promptly record the full reconveyance and provide evidence of payoff of the Wells Fargo Mortgage and to provide Debtors with evidence of the same within three (3) days of LBJ's receipt of any documentation evidencing such reconveyance and payoff;

d. cooperate with Debtors and the Woodland Escrow Agent and take all reasonable steps to ensure Debtors have good and clean title to the Woodland Property, including, but not limited to and as necessary, the execution of a replacement deed or document evidencing ownership of the Woodland Property by Debtors;

3. LBJ is hereby directed to turn over possession to the Woodland Property to Airgas no later than five (5) days after entry of this Order, including, but not limited to, providing Airgas with all keys and access codes to the Woodland Property;

4. LBJ is hereby ordered to pay the attorney's fees and costs of the Debtors and Airgas in connection with bringing the Motion within 30 days of this Order;

5. Following the closing of the Woodland PA, the Debtors shall reserve the amount of $840,000 as adequate protection for any claim LBJ may have under the LBJ Note and such funds shall not be distributed absent further order of this Court; and

6. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation and enforcement of this Order.

IMPAC 10489649v.9