# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TARONIS FUELS, INC., *et al.*,[1] | Case No. 22-11121 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 171 |

## MOTION FOR AN ORDER SHORTENING NOTICE IN CONNECTION WITH THE DEBTORS' EMERGENCY MOTION TO COMPEL

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, hereby file this motion (the "Motion to Shorten") for entry of an order, substantially the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening and limiting the notice with respect to the *Debtors' Emergency Motion Pursuant to Sections 105(A), 362 and 365 of the Bankruptcy Code to (I) Compel Performance Of LBJ's Obligations Under an Executory Contract, (II) to Enforce the Automatic Stay, and (III) Enforce the Sale Order* [Docket No. 171] (the "Motion to Compel"),[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits (if any) of each Debtor's federal tax identification number include: Taronis Fuels, Inc. (7454), MagneGas Welding Supply – West, LLC (6662), Taronis Sub III LLC (5826), MagneGas Welding Supply – South, LLC (8686), MagneGas Real Estate Holdings, LLC (7412), MagneGas IP, LLC (0988), MagneGas Production, LLC (7727), Taronis Sub I LLC (4205), Taronis-TAS, LLC (2356), Taronis-TAH, LLC (3542), and Taronis Sub II LLC (9673). The location of the Debtors' service address in these chapter 11 cases is 24980 N. 83rd Avenue, Suite 100, Peoria, Arizona 85383.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion to Compel.

filed contemporaneously herewith and to schedule a hearing as soon as the Court can accommodate. In support thereof, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion to Shorten under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion to Shorten in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2002, and Local Rules 2002-1(a) and 9006-1(e).

3. Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to the entry of a final order or judgment by the Court with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

4. On January 4, 2021, the Debtors and LBJ entered that certain Real Estate Purchase and Sale Agreement dated January 4, 2021, attached to the Motion to Compel as Exhibit D (as amended, and including all exhibits, the "LBJ Agreement").

5. Under the LBJ Agreement, the Debtors acquired all of LBJ's interest in the real property located at 1590 East Kentucky Avenue, Woodland, CA 95776 (the "Woodland Property") for a purchase price of $1,516.650. *See* LBJ Agreement, Section 1.1.

6. Pursuant to Section 2.1 of the LBJ Agreement, LBJ executed a grant deed (the "Woodland Deed") which was placed into escrow with the Law Offices of Robin Clark Bevier,

P.C. (the "Woodland Escrow Agent"). Section 2.1 of the LBJ Agreement further obligates LBJ to take commercially reasonable steps to work with Wells Fargo to have the Wells Fargo Loan satisfied and the Wells Fargo Mortgage reconveyed.

7. On November 16, 2022, the Debtors filed the *Motion of the Debtors for Entry of an Order (I) Authorizing the Private Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests, (II) Authorizing the Sellers to Assume and Assign an Executory Contract, (III) Approving Bidder Protections, and (IV) Granting Other Related Relief*, [Docket No. 40] (the "CA Private Sale Motion"). As described more fully in the CA Private Sale Motion, Airgas was to purchase, among others, the Woodland Property from Debtors.

8. On December 12, 2022, the Court granted the CA Private Sale Motion and entered the Sale Order, authorizing, among other things, the Debtors' entry into the CA APA and the Woodland PA with Airgas (the "Sale Order").

9. On December 14, 2022, Airgas attempted to enter the Woodland Property pursuant to its rights under the lease. Rather than be provided with access, it was provided with the letter from Mr. Knierem refusing to turn over the keys and electronic access codes to Airgas, which he was in possession of by reason of his employment with the Debtors, not his interest in LBJ. *See* Ex. C; Ruyle Dec., ¶ 9. The letter further demanded that LBJ be paid all amounts due under the LBJ Note and each individual receive payment in full for amounts under the pre-petition non-competition agreements. Ex. C.

10. Moreover, to keep the closing of the Woodland PA on track, the Debtors would like to send a wire payment directly to Wells Fargo in excess of the amount due on the Wells Fargo Loan in order to pay off the Wells Fargo Loan, satisfy the Mortgage, and take the necessary steps

3

to have the Escrow Agent release the Deed. To that end, on December 16, 2022, Debtors requested a payoff letter from Wells Fargo.

11. On December 20, 2022, Wells Fargo responded, stating that before it could provide the payoff letter, it would "need borrower authorization with a written signature in order to move forward with your request." December 20, 2022 email, attached to the Motion to Compel as Exhibit E. Because the Wells Fargo Loan is in the name of LBJ, LBJ's authorization is required to pay off the Wells Fargo Loan and to provide a letter regarding satisfaction and reconveyance. Receipt of such documentation is a predicate for issuing the Recording Instructions as well as to LBJ's obligation to execute such other documents as necessary to deliver good and clean title of the Property to the Debtors.

12. Pursuant to the December 14 letter and statements by LBJ to Mr. Ruyle, LBJ has made clear that it has no intention of complying with the LBJ Agreement and instead is seeking to interfere with the disposition of the Woodland Property, Sale Order, and the automatic stay. *See* Ex. C; Ruyle Dec., ¶ 8. Because LBJ has refused to cooperate and given the extralegal actions of LBJ, Mr. Knierem and Mr. Baker to date, the Debtors determined that requesting their voluntary performance under the LBJ Agreement would be futile.

## RELIEF REQUESTED

13. By this Motion to Shorten, the Debtors seek entry of the Proposed Order, shortening the notice and objection periods with respect to the Motion to Compel and setting a hearing on the Motion to Compel as soon as the Court can accommodate.

## BASIS FOR RELIEF REQUESTED

14. Local Rule 9006-1(c) provides that, unless otherwise provided for, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14)

days prior to the hearing date" and that any objection must be filed "no later than seven (7) days before the hearing date." See Del.. L.R. 9006-1(c)(i) & (ii). Local Rule 9006-1(e), however, provides that the Court may shorten notice upon a motion "specifying the exigencies justifying shortened notice." Del. L.R. 9006-1(e). Moreover, Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Thus, the Court has broad latitude to fix the time for presentment of motions, particularly when "necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15. For the reasons set forth in the Motion to Compel, the relief requested in the Motion to Compel is necessary and appropriate on an expedited basis. Specifically, LBJ is actively interfering with Airgas' contractual and court-approved access to the Woodland Property, as well as impeding upon Debtors' estate and Debtors' ability to obtain good and clean title to transfer to Airgas pursuant to the LBJ Agreement and the Sale Order. As such, the relief requested in the Motion to Compel should be heard on shortened notice to prevent LBJ from further violating this Court's Order, the automatic stay and the terms of the LBJ Agreement by further interfering with Airgas' access to the Woodland Property.

16. For these reasons and those set forth in the Motion to Compel, cause exists to consider the Motion to Compel on an expedited basis.

## **LOCAL RULE 9006-1(E) CERTIFICATION**

17. In accordance with Local Rule 9006-1(e), counsel to the Debtors emailed counsel to LBJ and the Office of the United States Trustee ("US Trustee") on December 22, 2022 to notify the parties of the request for shortened notice with respect to the Motion to Compel. The US Trustee takes no position on the Motion to Shorten. In response to the Debtor's December 22

email, counsel for LBJ informally objected to the Motion to Compel, but did not provide a substantive response or position with respect to the Motion to Shorten.

**NOTICE**

18. The Debtors have provided notice of this Motion to the following parties or their respective counsel: (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iii) the Woodland Escrow Agent; (iv) the Law Offices of Robin Clarke Bevier, PC as counsel to Joseph Knierem, Robert Baker and LBJ; (v) the Office of the Attorneys General for the State of Delaware; (vi) the United States Attorney's Office for the District of Delaware; (vii) the Internal Revenue Service; (viii) the Securities Exchange Commission; (ix) Wells Fargo, N.A.; and (x) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

19. No prior motion for the relief requested herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant such other relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: December 22, 2022　　　　　　　　Respectfully submitted,
　　　　Wilmington, Delaware

*/s/ Jesse L. Noa*
Jeremy W. Ryan (No. 4057)
Jesse L. Noa (No. 5973)
Andrew L. Brown (No. 6766)
**POTTER ANDERSON & CORROON LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone:　　(302) 984-6000
Facsimile:　　(302) 658-1192
Email:　jryan@potteranderson.com
　　　　jnoa@potteranderson.com
　　　　abrown@potteranderson.com

*Counsel for the Debtors and Debtors in Possession*